## W. H. DAVIS v. THE STATE.

No. 18592. Delivered December 9, 1936.

380

The opinion states the case.

*Max Coleman,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of possessing "home brew" beer, alleged to contain alcohol in excess of one-half of one per centum by volume, and that said beer was contained in cases to which no stamp was affixed showing the payment of the tax due to the State on such liquor, and his punishment was assessed at a fine of $100.00.

It appears from the record that a deputy sheriff, accompanied by Bedford Carpenter, went to the home of appellant, searched his premises, and found two cases of canned beer with the tax on it paid; that they found eighty-five bottles, which they denominated "home brew" beer, and which was in containers on which the tax had not been paid; that they did not know what per cent of alcohol it contained, if any, nor could they say it was intoxcating. Beer is defined in Sec. 1 of Article II of Chapter 467, General and Special Laws, Forty-Fourth Legislature—Second Called Session, 1935, as a beverage which contains one-half of one per centum of alcohol by volume and no more than four per centum by weight. Unless it contained such an amount of alcohol it would not come within the definition of beer as above defined and would not be subject to a beer tax. We are of the opinion that the testimony is not sufficient to meet the allegations in the informaton and justify his conviction. The other questions presented need not be discussed in view of the disposition that we are making of this case.

Believing the testimony to be insufficient, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.